LBG/HRW: USAO 2019R00672

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | |
| | * | |
| v. | * | CRIMINAL NO. TDC20CR260 |
| | * | |
| JASMINE WORTHY, | * | (Conspiracy to Commit Theft of |
| a/k/a "Jasmine Walker," | * | Government Property, 18 U.S.C. |
| SEAN BROCKINGTON, and | * | § 371; Theft of Government |
| ANGELA SHREWSBURY, | * | Property, 18 U.S.C. § 641; Aiding |
| | * | and Abetting, 18 U.S.C. § 2; |
| Defendants | * | Forfeiture, 18 U.S.C. § 981(a)(1)(C), |
| | * | 21 U.S.C. § 853(p), and 28 U.S.C. |
| | * | § 2461(c)) |
| | * | |

*******

### INDICTMENT

### COUNT ONE
(Conspiracy to Commit Theft of Government Property)

The Grand Jury for the District of Maryland charges that:

#### Introduction

At all times relevant to this Indictment:

1. The Army and Air Force Exchange Service ("AAFES") operated retail stores that only served active duty service members, retirees and reservists, National Guard and Coast Guard members, and their dependents. AAFES stores were first established by federal law in 1895.

2. Any AAFES store expenses not covered by retail sales were covered by appropriations from the United States Congress.

3. Among other locations throughout the world, AAFES operated stores at Joint Base Andrews in Prince George's County, Maryland; Fort Meade in Anne Arundel County,

Maryland; Fort Belvoir in Fairfax County, Virginia; Joint Base Myer-Henderson Hall in Arlington County, Virginia, and Joint Base Anacostia-Bolling in the District of Columbia. AAFES stores sold various items, including but not limited to electronics, furniture, clothing, toys, and toiletries.

4. To make a purchase at an AAFES store, customers had to show a valid identification card signifying that the customer was authorized to shop at an AAFES store.

### The Conspiracy

5. Between on or about May 23, 2019 through on or about July 2, 2019, in the District of Maryland and elsewhere, the defendants,

**JASMINE WORTHY,**
a/k/a "Jasmine Walker,"
**SEAN BROCKINGTON, and**
**ANGELA SHREWSBURY,**

did knowingly combine, conspire, confederate and agree with each other, and others known and unknown to the Grand Jury, to commit an offense against the United States, and any agency thereof, that is, theft of government property, in violation of 18 U.S.C. § 641.

### Manner and Means

6. It was further part of the conspiracy that **WORTHY, BROCKINGTON**, and **SHREWSBURY**, individually, or in groups of two or three, entered an AAFES store, obtained shopping carts, walked around the store placing items in the shopping carts, and walked out of the AAFES store without paying for the items, which were the property of AAFES.

7. It was further part of the conspiracy that, after the thefts, **WORTHY** or **BROCKINGTON** returned to an AAFES store and returned the stolen AAFES items at the customer service counter in exchange for gift cards for use at AAFES stores.

8.     It was further part of the conspiracy that the AAFES gift cards obtained by **WORTHY** and **BROCKINGTON** were later used to purchase AAFES items and prepaid debit cards from Vanilla Visa, Green Dot, and NetSpend.

9.     It was further part of the conspiracy that, in conducting the return of the stolen AAFES items at an AAFES store, **WORTHY** and **BROCKINGTON** often displayed either the military identification card belonging to Individual 1 or the dependent identification card of either **WORTHY** or Individual 2.

10.    It was further part of the conspiracy that **WORTHY** and **BROCKINGTON** conducted at least 29 returns of stolen AAFES items at five different AAFES stores.

### Overt Acts

11.    In furtherance of the conspiracy, and to effect the objects of the conspiracy, the following overt acts, among others, were committed in the District of Maryland and elsewhere:

   a.     On or about June 8, 2019, **BROCKINGTON**, **SHREWSBURY**, and **WORTHY** entered the AAFES store at Joint Base Andrews. **BROCKINGTON** placed two television sets belonging to AAFES in a shopping cart and left the AAFES store without paying for the items. **SHREWSBURY** placed a desktop computer and computer monitor belonging to AAFES in her shopping cart and left the AAFES store without paying for the items. **WORTHY**, using Individual 1's military identification card, returned a skincare product valued at approximately $335.75 at the AAFES customer service counter. As a result of that return, **WORTHY** received approximately $335.75 in AAFES store credit, which **WORTHY** used to purchase two coolers with a total approximate value of $53.98. During the same return transaction, **WORTHY** also received an AAFES gift card with a total value of approximately $281.77 for the remaining balance of her AAFES store credit. That AAFES gift card was used

to purchase and activate a GreenDot Visa card for approximately $261.95. **SHREWSBURY** and **WORTHY** made at least 15 phone calls to each other throughout the day, including the time they were in the AAFES store at Joint Base Andrews.

  b. On or about June 18, 2019, **BROCKINGTON**, **SHREWSBURY**, and **WORTHY** entered the AAFES store at Fort Meade. **BROCKINGTON** placed two television sets belonging to AAFES into his shopping cart and left the AAFES store without paying. **SHREWSBURY** walked around the AAFES store placing items belonging to AAFES, a tool kit and an item of clothing, into her shopping cart and left the AAFES store without paying. **WORTHY** placed items belonging to AAFES, including clothing and shoes, into her shopping cart and left the AAFES store without paying. **SHREWSBURY** and **WORTHY** made at least 19 phone calls to each other before and after they were in the AAFES store at Fort Meade.

  c. On June 26, 2019, **SHREWSBURY** entered the AAFES store at Joint Base Andrews. While she was in the store, **SHREWSBURY** placed items belonging to AAFES into her cart, including a Ninja Coffee Bar System and KSM150PSER Artisan Mixer, and left without paying for them.

  d. On or about June 27, 2019, **BROCKINGTON**, **SHREWSBURY**, and **WORTHY** entered the AAFES store at Joint Base Andrews. While they were in the store, **BROCKINGTON** placed items belonging to AAFES into **SHREWSBURY**'s shopping cart and later **SHREWSBURY** left the AAFES store without paying for the AAFES items. **BROCKINGTON**, using Individual 1's military identification card, returned at the AAFES customer service counter a Ninja Coffee Bar System and KSM150PSER Artisan Mixer for a total of $558.00, the same items **SHREWSBURY** stole the day prior. As a result of the return, **BROCKINGTON** received an AAFES gift card valued at $558.00. During

BROCKINGTON's return at the AAFES customer service counter, **WORTHY** was standing a few feet away from him. **WORTHY** and **SHREWSBURY** made at least seven phone calls to each other shortly before entering, while in the store, and shortly after leaving the AAFES store at Joint Base Andrews. **WORTHY** and **BROCKINGTON** made one phone call to one another shortly after **BROCKINGTON** conducted his return at the AAFES customer service counter.

18 U.S.C. § 371

## COUNT TWO
### (Theft of Government Property)

The Grand Jury for the District of Maryland further charges:

1. Paragraphs 1 through 4 and 6 through 11 of Count One are incorporated here.

2. Between on or about May 23, 2019 through on or about July 2, 2019, in the District of Maryland and elsewhere, the defendants,

**JASMINE WORTHY,**
a/k/a "Jasmine Walker,"
**SEAN BROCKINGTON, and**
**ANGELA SHREWSBURY,**

did embezzle, steal, purloin and knowingly convert to the defendant's use and the use of another, things of value of the United States, whose value exceeded $1,000, that is, merchandise belonging to AAFES.


18 U.S.C. § 641
18 U.S.C. § 2

## FORFEITURE ALLEGATION

The Grand Jury for the District of Maryland further finds that:

1. Pursuant to Federal Rule of Criminal Procedure 32.2, notice is hereby given to the defendant that the United States will seek forfeiture as part of any sentence in accordance with 18 U.S.C. § 981(a)(1)(C), 21 U.S.C. § 853(p), and 28 U.S.C. § 2461(c), in the event of the defendants' convictions on Counts One and Two of this Indictment.

2. Upon conviction of any of the offenses set forth in Counts One and Two, pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c), the defendants,

**JASMINE WORTHY,**
a/k/a "Jasmine Walker,"
**SEAN BROCKINGTON, and**
**ANGELA SHREWSBURY,**

shall forfeit to the United States any property, real or personal, which constitutes or is derived from proceeds traceable to such offense.

### Substitute Assets

3. If, as a result of any act or omission of the defendant, any of the property described above as being subject to forfeiture:

    a. cannot be located upon the exercise of due diligence;

    b. has been transferred or sold to, or deposited with, a third person;

    c. has been placed beyond the jurisdiction of the Court;

    d. has been substantially diminished in value; or

    e. has been commingled with other property which cannot be subdivided without difficulty,

the United States, pursuant to 21 U.S.C. § 853(p), as incorporated by 28 U.S.C. § 2461(c), shall be entitled to forfeiture of substitute property up to the value of the forfeitable property described above.

18 U.S.C. § 981(a)(1)(C)
21 U.S.C. § 853(p)
28 U.S.C. § 2461(c)

*Robert K. Hur/LBG*

Robert K. Hur
United States Attorney

A TRUE BILL:

**SIGNATURE REDACTED**

~~Foreperson~~

Date: August 19, 2020